**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERTO FLORES-BAHENA | ) | PLAINTIFF |
| | ) | DEMANDS |
| Plaintiff, | ) | TRIAL BY JURY |
| | ) | |
| v. | ) | Case No. 11-cv-2671 |
| | ) | |
| OFFICER HOVEL, OFFICER COLEMAN, | ) | |
| OFFICER DUNCAN, LIEUTENANT YOUNG | ) | |
| OFFICER WILSON, OFFICER NELSON, | ) | |
| OFFICER HALL, OFFICER PATES, OFFICER | ) | Judge |
| SONNY, OFFICER RUIZ, OFFICER GARCIA, | ) | |
| OFFICER LOMBARDI and the SHERIFF OF | ) | |
| COOK COUNTY | ) | |
| | ) | Magistrate |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, ROBERTO FLORES-BAHENA, by and through his attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, and complaining against Defendants, HOVEL, COLEMAN, DUNCAN, YOUNG, WILSON, NELSON, HALL, PATES, SONNY, RUIZ, GARCIA, LOMBARDI and the SHERIFF OF COOK COUNTY, states as follows:

**JURISDICTION**

1. This action arises under 42 U.S.C. § 1983, 28 U.S.C. § 1367, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

**VENUE**

2. Venue is provided under 28 U.S.C. §§ 1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred...."

3. Upon belief Defendants HOVEL, COLEMAN, DUNCAN, YOUNG, WILSON, NELSON, HALL, PATES, SONNY, RUIZ, GARCIA and LOMBARDI ("individual defendants") reside in the State of Illinois and the Northern District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

5. Plaintiff is a resident of Cook County, Illinois which is located in the Northern District of Illinois.

6. Upon belief, the individual defendants were, at all times relevant to this action, employed by the Sheriff of Cook County as corrections officers in the Cook County Jail. They are sued in their individual capacities.

7. Defendant Sheriff of Cook County has final policymaking authority over the Cook County Jail, and was at all times material to this action, the employer of the individual defendants.

## FACTS

8. On November 19, 2010 at about 7:30 a.m. in Division 9 1-B of the Cook County Jail, the individual defendants used excessive force on Plaintiff.

9. Plaintiff, at the time an inmate at the Jail, fought with other inmates.

10. Guards responded immediately forcing inmates to the ground and spraying "pepper spray" at the crowd.

11. Guards handcuffed several of the inmates, including Plaintiff, and led them off the deck.

12. While Plaintiff was cuffed, on his way off the deck, he dodged another inmate's attempts to kick him.

13. The individual defendants attacked Plaintiff, hitting him about the face and body, fracturing one of his ribs, breaking a bone under his right eye, and breaking his nose.

14. After repeated hits and kicks, Plaintiff lost consciousness.

15. Plaintiff awoke to find himself lying on the cold bullpen floor.

16. Plaintiff did not receive medical treatment until two hours after the incident when correctional officers had him taken to Mt. Sinai hospital.

17. Plaintiff immediately filed a grievance requesting a full investigation and maximum discipline of the offending officers.

### COUNT I: EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

18. Plaintiff restates and realleges all the statements made in paragraphs 8-16 of this Complaint as though fully set forth herein.

19. On November 19, 2010, the individual defendants used excessive force against Plaintiff.

20. The individual officers violated Plaintiff's right to be free from unreasonable search and/or seizure when they used excessive force against him.

21. As a result of this excessive force, Plaintiff suffered extreme physical and emotional harm.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against all the individual defendants, and:

a. award compensatory damages in an amount not less than $250,00,000.00;
b. award punitive damages against each individual defendant;
c. award Plaintiff his attorney's fees and costs, and;
d. grant Plaintiff such further relief as this Court deems equitable and just.

### COUNT II: BATTERY
### UNDER ILLINOIS LAW

22. Plaintiff restates and realleges all the statements made in paragraphs 8-16 and 18-20 of this Complaint as though fully set forth herein.

23. On November 19, 2010, the individual defendants willfully touched the Plaintiff causing bodily harm.

24. At no time did Plaintiff consent to being touched by the individual defendants.

25. As a result of this touching, Plaintiff suffered extreme physical and emotional harm.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against the individual defendants, and:

a. award compensatory damages in an amount not less than $250,000.00;
b. award punitive damages against each individual defendant;
c. award Plaintiff his attorney's fees and costs, and;
d. grant Plaintiff such further relief as this Court deems equitable and just.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER ILLINOIS LAW

26. Plaintiff restates and realleges all the statements made in paragraphs 8-16, 18-20 and 22-24 of this Complaint as though fully set forth herein.

27. The individual defendants intentionally engaged in extreme and outrageous

    behavior against Plaintiff, including, but not limited to, unjustifiably assaulting and battering him.

28. As a result of the actions of the individual, Plaintiff experienced and continues to experience great humiliation, disgrace, mental anguish, and otherwise incurred emotional distress.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against the individual defendants and:

    a.    award compensatory damages in an amount not less than $250,000.00;

    b.    award punitive damages against each individual defendant;

    c.    award Plaintiff his attorney's fees and costs, and;

    d.    grant Plaintiff such further relief as this Court deems equitable and just.

## COUNT IV: CLAIM UNDER 745 ILCS 10/9-102

## AGAINST DEFENDANT SHERIFF OF COOK COUNTY

29. Plaintiff restates and realleges all the statements made in paragraphs 8-16, 18-20, 22-24 and 26-27 of this Complaint as though fully set forth herein.

30. Defendant SHERIFF OF COOK COUNTY was, at all times material to this Complaint, the employer of the individual defendants.

31. The individual defendants committed the acts alleged above in the scope of their employment as employees of Defendant SHERIFF OF COOK COUNTY.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiff demands judgment against the employer Defendant named in this Count in the amount awarded to Plaintiff and against the employee Defendants by way of judgement or settlement, including any and all amounts awarded

for damages and costs.

                                      Respectfully submitted,

                                      /s/ Scott T. Kamin

                                      Attorney for Plaintiff

Scott T. Kamin

Law Offices of Scott T. Kamin

53 W. Jackson Blvd

Suite 1028

Chicago, IL 60604

(312) 322-0077

Ill. Attorney No.: 6226855