```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

ROBERTO FLORES-BAHENA,       )
                             )
            Plaintiff,       )
                             )
   v.                        )    No.  11 C 2671
                             )
OFFICER HOVEL, et al.,       )
                             )
            Defendants.      )

<u>MEMORANDUM OPINION AND ORDER</u>

This Court has just received the Answer and Affirmative Defenses ("ADs") filed by Assistant State's Attorney Michael Sorich on behalf of Cook County Sheriff Tom Dart and a dozen officers that work at the Cook County Jail, responding to the 42 U.S.C. §1983 Complaint brought against them by Roberto Flores-Bahena ("Flores-Bahena"). This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

There is nothing inherently wrong with an answer that flat-out denies the vast majority of substantive allegations in a complaint, as this one does. Although such a response may by its nature be uninformative, the pleading is permissible so long as the denials do not run afoul of Fed. R. Civ. P. ("Rule") 11(b).

Accordingly this Court makes no effort to parse the Answer in general terms at this threshold stage. But more particularly, the unqualified denials of the following allegations in Complaint ¶¶15, 16 and 17 plainly appear to flout the requirements of Rule 11(b):

15. Plaintiff awoke to find himself lying on the cold bullpen floor.

16. Plaintiff did not receive medical treatment until two hours after the incident when correctional officers had him taken to Mt. Sinai hospital.

17. Plaintiff immediately filed a grievance requesting a full investigation and maximum discipline of the offending officers.

As for the two ADs, neither survives scrutiny:

1. AD 1 is totally at odds with the principles underlying Rule 8(c) and its supporting caselaw--see also App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). When Flores-Bahena's allegations are taken as true, as must be the case for AD purposes, the AD's assertions of objective reasonableness and non-violation of Flores-Bahena's clearly established constitutional rights are empty of merit.

2. Although Complaint ¶6 says expressly that the individual defendants "are sued in their individual capacities," AD 2 inexplicably asserts their immunity from punitive damage awards "[t]o the extent that Defendants are named in their official capacity." That makes no sense at all.

Accordingly, both AD 1 and AD 2 are stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 26, 2011

2